**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Angel RIVAS–POZOS,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Jose Luis Ramirez–Esqueda,**
**Defendant—Appellant.**

**In re: Jose Angel Rivas–Pozos,**

**Jose Angel Rivas–Pozos, Petitioner,**

v.

**United States District Court for the Southern District of California, Respondent,**

**United States of America, Real Party in Interest.**

Nos. 07–50386, 07–50390, 07–74274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed April 8, 2008.

Mark R. Rehe, Esq., Andrew G. Schopler, Christopher A. Ott, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, Jr., Esq., Law Office of Eugene G. Iredale, Timothy A. Scott, Esq., Law Offices of Timothy A.

---

Scott, San Diego, CA, for Defendants–Appellants.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

## MEMORANDUM **

Defendants Jose Angel Rivas–Pozos and Jose Luis Ramirez–Esqueda were convicted of aiding and abetting the crime of bringing an illegal alien to the United States for financial gain. 8 U.S.C. § 1324; 18 U.S.C. § 2. After Defendants were convicted but before they were sentenced, we decided *United States v. Lopez*, 484 F.3d 1186, 1191 (9th Cir.2007) (en banc), which clarified when the "bringing to" crime is completed. Because the jury instructions in Defendants' trial were drafted under pre-*Lopez* law, the district court granted Defendants' motion for a new trial but denied their motion for judgment of acquittal.

In Nos. 07–50386 and 07–05390, Defendants filed interlocutory appeals of the district court's denial of the motion for judgment of acquittal. In No. 07–74274, Defendants filed a petition for a writ of mandamus, seeking an order directing the district court to enter judgment of acquittal. We dismiss the appeals and deny mandamus relief.

1. We lack jurisdiction to entertain Defendants' interlocutory appeals because the double jeopardy claims are not "color-

able." *Richardson v. United States*, 468 U.S. 317, 321–22, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Insufficiency of the evidence is not a colorable claim. *Id.* at 326 n. 6, 104 S.Ct. 3081; *United States v. Schemenauer*, 394 F.3d 746, 750 (9th Cir. 2005). The exception for prosecutorial misconduct recognized in *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), does not apply. Defendants' claim of judicial or prosecutorial misconduct is not colorable. The government permissibly relied on existing law and read the precedents in a plausible manner. Accordingly, the appeals must be dismissed.

2. Under *Bauman v. U.S. District Court*, 557 F.2d 650, 654–55 (9th Cir.1977), there was no clear error of law. *See Gallo v. U.S. Dist. Court*, 349 F.3d 1169, 1177 (9th Cir.2003) ("[I]t is well established in this Circuit that when a district court's decision is correct as a matter of law, a writ of mandamus should be denied." (internal quotation marks and alteration omitted)). Assuming, without deciding, that we should examine the sufficiency of the evidence under the post-*Lopez* understanding of the crime, there was evidence from which a reasonable juror could have concluded that Defendants actually aided and abetted the initial transportation of the illegal aliens into the United States. There was evidence that, among other things, 362 Wilson Avenue was a base of operations for an ongoing alien-smuggling operation; that Defendant Rivas–Pozos had transported aliens about 15 times; and that Defendant Ramirez–Esqueda had scouted "checkpoints" more than 10 times. *See Schemenauer*, 394 F.3d at 751 ("We ... view the evidence in the light most favorable to the government and ask

---

\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether it is quite clear that *no* reasonable juror could have found the elements of each charge beyond a reasonable doubt."). Therefore, the petition for a writ of mandamus must be denied.

Nos. 07–50386 & 07–07–50390: Appeals DISMISSED.

No. 07–74274: Petition DENIED.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.